# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.90-CR-446(S-1) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VITTORIO AMUSO, | ) | JUDGE EUGENE H. NICKERSON |
| Defendant. | ) | |

---

## DEFENDANT AMUSO'S APPLICATION FOR CERTIFICATE OF APPEALABILITY (COA) TO FILE SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. 2255(6)(3)

Now Comes the defendant and <u>pro se</u> litigant Vittorio Amuso, and moves this court to grant his application for a certificate of appealability (COA) to file a second or successive section 2255(6)(3) Motion To Vacate, Correct And Set-Aside Sentence in view of two (2) recent intervening changes in law from the United States Supreme Court via their holdings in **Blakely vl Washington**, 124 S.Ct. 2531 (June 24, 2004) and **Dodd v. U.S.**, Slip Op. No. 04-5286 (June 20, 2005), respectively, and, in support thereof, states as follows:

### ARGUMENT

### I. LITIGATION HISTORY

**A. Statement of the Case**

Defendant Amuso was arrested on **July 28, 1991** in Scranton, Pennsylvania, having     previously been indicted in Brooklyn, New York in the case at bar. On **June 13, 1992,** Amuso was sentenced to a term of imprisonment of life without parole. Amuso's conviction and sentence was subsequently affirmed on direct appeal, and this court's denial of his initial section 2255 was also affirmed by the Second

Circuit Court of Appeals.

B. **Statement of the Facts**

On **June 15, 1992**, the defendant, Vittorio Amuso, was found guilty by jury verdict on each count of a 54-count superseding indictment. Count One, a charged violation of the racketeering (RICO) conspiracy statute, **18 U.S.C. 1962**, further charged that between **January 1978** and **February 13, 1992**, defendant Amuso was a leader of a racketeering enterprise, namely, the Luchese Crime Family, in violation of **18 U.S.C. 1962(c)**.

**Count One** included 45 charged RICO predicate racketeering acts, 6 of chich are charged as violations of **section 1959(a)(1)**, and carry life statutory maximum penalties. Twelve (12) of the 45 predicate racketeering acts used four (4) state statutes in support of those 12 predicate racketeering acts charged as murders, murder conspiracies and attempt murders.

**Counts 1, 2, 8, 10, 14, 16 and 17** are the principal eight (8) counts of concern, as they charge violations of **sections 1962(c), (d)** and **1959(a)(1)**, and they all carry a statutory maximum penalty of life without parole.

All of the sentences imposed in this case, for both the conspiratorial and substantive statutory offenses of conviction, were pursuant to the Sentencing Reform Act (SRA) of 1984. Prior to **January 12, 2005** (**U.S. v. Booker**, 125 S.Ct. 738), the federal Sentencing Guidelines constituted an overlay of binding law that limited judicial discretion, and had the force and effect of laws. See, **U.S. v. Ming He**, 94 F.3d 782, 788 (2nd Cir.1996).

## II. Petitioner's Section 2255 Assertions

**1. The Supreme Court's Recent Decisions In <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (6/24/04) And <u>Dodd v. U.S.</u>, U.S. Slip.Op.No.04-5286 (6/20/05) Are Applicable To Defendant Amuso's Case**

The one-year limitation period whin which a federal prisoner may file an initial or even a second or successive motion to vacate, set-aside, or correct his sentence under **28 U.S.C. 2255(6)(3)** based on [as here] a right newly recognized by the U.S. Supreme Court begins to run on the date on which the Supreme Court initially re-cognized the right asserted, not the date on which the right was declared retroactive to cases on collateral review.

<u>Blakely</u> stands for the proposition that any fact which increases a prisoner's sentence (except for prior convictions) must be deter-mined by a jury and proven beyond a reasonable doubt.

<u>Dodd</u> stands for the propositions that a second/successive 2255 petition may be filed within one year of the date of a new Supreme or Circuit Court ruling that changes the law, and that the language Congress uses in crafting a statute is dispositive (until and unless they say otherwise) regarding statutory mandatory minimum sentences.

In this instance, defendant Amuso's **section 2255(6)(3)** petition application was sufficiently and timely filed so as to qualify for any accrued benefits emanating from the <u>Blakely</u> and <u>Dodd</u> decisions, in accordance with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Thus, a COA should be issued.

**2. This (And Any Other) Inferior Court Has The Authority To Make The Determination Whether <u>Blakely</u> (And By Extention In Either Direc-tion, <u>Apprendi</u> And <u>Booker</u>) And <u>Dodd</u> Are Retroactively Applicable To**

This Case On Collateral Review.

The language of **section 2255, section 6, paragraph** 3 belies the conclusion that only the Supreme Court could decide retroactivity. See, **Wiegand v. U.S.**, 380 F.3d 890, 892 (6th Cir.2004)(collecting cases). Prior to the **Dodd** Supreme Court's decision, legal authority in this (the Second) circuit held to the contrary, i.e., only the Supreme Court could decide retroactivity. See, **Carmona v. U.S.**, 390 F.3d 200, 202 (2nd Cir.2004); **Green v. U.S.**, 397 F.3d 101, 103 (2nd Cir.2005).

The **Dodd** opinion in effect repealed or overruled **Green** and **Carmona**, resulting in an intervening change in Second Circuit law, too.

**Dodd** declared in no uncertain terms for federal circuit courts to make their own rules on the matter. Permitting a district court or circuit court to make the retroactivity decision "**may be essential to put the question before the Supreme Court for final resolution**," according to the Third, Sixth and Seventh Circuits, respectively. See, **U.S. v. Swinton** 333 F.3d 481, 486 (3rd Cir.2003); **Ashley v. U.S.**, 266 F.3d 671, 673 (7th Cir.2001); **Wiegand v. U.S.**, **supra**, 380 F.3d @ 892.

The Supreme Court very explicitly declared that **Blakely** was an application of **Apprendi**, and that **Booker** was an application of **Blakely** to the federal sentencing guidelines. See, **Apprendi v. New Jersey**, 120 S.Ct 2348 (2000); **Blakely v. Washington**, 124 S.Ct.2531 (2004); **U.S. v. Booker**, 125 S.Ct 738 (2005).

Accordingly, defendant Amuso respectfully requests that this court, pursuant to the **Dodd** Supreme Court's **June 20, 2005** decision, to grant him the authority — issue a COA — to file second/successive

4

petitions based on **Blakely**, on its predecessor **Apprendi** and its progeny **Booker**.

**3. The Second Circuit's James Opinion Regarding Mandatory Minimum Sentence For 18 U.S.C. 1959(a)(1) Of Life Imprisonment Was Wrongfully Decided, And Has Now Been Refuted By Supreme Court's Dodd Decision**

In **U.S. v. James**, 239 F.3d 120, 121 (2nd Cir.2000) the Second Circuit Court of Appeals held that pursuant to the statute, 18 U.S.C. 1959(a)(1), a conviction for the statutory offense of murder in aid of racketeering (VCAR) carries a mandatory minimum sentence of life in prison.

Not true, according to the **Dodd** Supreme Court and the plain language reading of the statute itself.

The plain, crystal clear and compellingly concise language of the statue reads with unmistakable clarity — the legally permissible punishment for violation of this statue is optional (as it uses disjunctive language, **"or"**, and conjunctive language, **"and"**) to a sentencing court: a) **death**, or b) **life imprisonment**, or c) **a fine in lieu of prison**, or d) **imprisonment and a fine. There is absolutely nothing ambiguous in the statutory text!**

This statutory language was crafted and enacted by the Congress, and signed by President Reagan into law, on **October 12, 1984**, more than 20 years ago and, except   for a section nomenclature change (from **section 1952 B to section 1959**), it has remained unchanged to this day!

Citing **Connecticut Nat. Bank v. Germain**, 503 U.S. 249, 253-54 (1992) with favor, the **Dodd** Supreme Court declared that We **"must presume that [the] legislature says in a statute what it means, and**

means in a statute what it says there." The **James** Second Circuit Court put a speculative, interpretative "**spin**" on what they thought the Congress "**intended**" or "**meant**" to say. Citing **Hartford Underwrighters Ins.Co. v. Union Planters Bank, N.A.**, 530 U.S. 1, 6 (2000), the **Dodd** Supreme Court once again declared in relevant part that "**It is for Congress, not this Court, to amend the statute**", and "**When the statute's language is plain, the sole function of the courts...is to enforce it according to its terms.**"

To the **Dodd** Supreme Court's analysis, defendant Amuso would add three (3) other Supreme Court well-established precedents, directly on point to the issue in dispute, i.e., the "**correctness**" (or absence of same) of the **James** Court's opinion:

a. - "**It is for Congress, not this court, to rewrite the statute.**" **Blount v. Bizzi**, 400 U.S. 410, 419 (1971).

b. - "**Courts are not authorized to rewrite a statute because they deem its effects susceptible to improvement.**" **Badaracco v. Commiss-ioner**, 464 U.S. 386, 398 (1984).

c. - In interpreting the language of a statute, we generally give '**the words used**' their '**ordinary meaning**'. **Moskal v. U.S.**, 498 U.S. 103, 108 (1990).

The aforementioned holds true for **section 1959(a)(1)** or any other federal statute. Congress— and only Congress— has the unilateral power to amend. In 21-years, they have not elected to do so with this statute.

The **James** case was wrongfully decided, if **Dodd** was correctly de-cided, and thus a certificate of appealability (COA) should be issued.

Life in prison is **not** the statute's mandatory minimum, based on the statutory language or Congress' clear intent.

**4. The District Court Erred In Sentencing Defendant Amuso To A Presumed Statutory Minimum Penalty Of Life Imprisonment. Amuso Was Entitled To A Guideline Range Sentence In Accordance With Guidelines Amendment 591 And Blakely v. Washington, 124 S.CT. 2531 (2004).**

Under the **Sentencing Reform Act [SRA]** of 1984 prior to the Supreme Court's **Booker** decision (January 12, 2005), it was mandatory that a sentencing court impose a sentence within the Guideline range applicable to the statutory offense of conviction [here, principally **sections 1962 and 1959**, respectively], absent a finding on the record [which was **not** done in this case] made as to an aggravating or mitigating circumstance not adequately considered under the Guidelines. See, **U.S. v. Guevara**, 277 F.3d 111, 119 (2nd Cir.2001)(citations omitted); **U.S. v. Williams**, 399 F.3d 450, 453 (2nd Cir.2005)(Sixth Amendment's proscription against judicial fact-finding to mandatorily enhance sentence above otherwise applicable Sentencing Guidelines range precluded federal district court - from finding as fact that defendant had created substantial likelihood of serious bodily injury or death, and, based on that finding, mandatorily making a sentence enhancement).

The SRA also mandates via retroactive **Guideline Amendment 591** that the Guideline Manual section applicable to the offense of conviction [as defined in Appendix A - Statutory Index] be exclusively used by the sentencing court in making base offense level determination, rather than (or in lieu of) any **"underlying offense"** conduct [say, for example, murder, assault, etc.].

7

Under **18 U.S.C. 3553(a)(4), (b)(1)**, the pre-**Booker** Supreme Court sentencing court [as was the case here] must impose a sentence that is "**subject to any amendments [such as Amendment 591] made to such guidelines by Act of Congress.**" See, **U.S. v. Crosby**, 397 F.3d 103, 107 n. 5 (2nd Cir.2005).

The Second Circuit **Guevara** court also held that the U.S. Constitution as interpreted in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), when a statutory mandatory minimum sentence is higher [as here, with the Second Circuit **James** court's erroneous interpretation of **section 1959(a)(1)**] than the presumtive sentencing range provided by the U.S. Sentencing Guidelines, the maximum sentence justifiable under the guidelines is the prescribed maximum sentence. **Id**. @ 118, 119.

**Blakely** expressly prohibits the imposition of sentences greater than the maximum (represented under the Sentencing Guidelines by the **base offense level** for the statutory **offense of conviction**, see, **Appendix A - Statutory Index**, Guidelines Manual) a judge could impose solely on the basis of the facts reflected in the jury's verdict or admitted by the defendant. 542 U.S. ____ Slip Op. @ 7 (2004).

According to Guidelines Manual Appendix A - Statutory Index, the applicable guideline section for a **section 1959** violation is **2E1.3, base offense level 12**. The sentencing court mistakenly used, i.e., misapplied, guideline **section 2A1.1, First Degree Murder, base offense level 43**.

With defendant Amuso's **criminal history category III**, combined with section 1959's **base offense level 12**, the proper or correct **base offense level** sentencing range would be **15-21 months**. The end result of this court's misapplication of the pre-**Booker** Supreme Court

8

Sentencing Guidelines was the imposition of several **life without parole** sentences.

Accordingly, a COA should be granted on this issue.

## III. Conclusion

Having been previously always represented by counsel(s), defendant Amuso is now taking the opportunity to remind the court, that courts are required to construe pro se petitions liberally, and they are to be held to a less stringent standard than those drafted by licensed attorneys, so as to allow the development of a potentially meritorious case. See, **Haines v. Kerner** 404 U.S. 519 (1972); **Neitzke v. Williams**, 490 U.S 319, 324-25 (1972); **Hughes v. Rowe**, 449 U.S. 5, 9 (1980).

Moreover, as a matter of law, when a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. See, **Fine v. City of New York**, 529 F.2d 70, 74 (2nd Cir.1975).

Defendant Amuso contends, and believes the aforementioned representations support his contention, that there is sufficient merit contained therein, to warrant this court granting the relief requested.

Respectfully submitted,

By: *Vittorio Amuso*
Vittorio Amuso, Pro Se
Reg.# 38740-079
USP Marion
P.O. Box 1000
Marion, Illinois 62959

9