**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB:EL
F. #2023V02186

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 5, 2026

By ECF

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Vittorio Amuso
Criminal Docket No. 90-446 (FB)

Dear Judge Block:

The government respectfully submits this memorandum of law in opposition to defendant Vittorio Amuso's motion for the Court to reconsider its order denying Amuso's second motion for compassionate release. See ECF No. 1242 (the "Reconsideration Motion").

Amuso's Reconsideration Motion rests solely on baseless claims that the Court committed clear legal error in denying Amuso's second motion for compassionate release. However, as described below, the Reconsideration Motion fails to identify any clear error in the Court's ruling and misconstrues the Court's proper analysis of the 18 U.S.C. § 3553(a) ("Section 3553(a)") factors in denying the defendant's motion. For the reasons described below, the Court should deny the Reconsideration Motion.

## I. Procedural History

The government presumes the Court's familiarity with this case, having denied Amuso's two previous motions for compassionate release. See ECF Nos. 1232, 1241. As the defendant has given no further factual reasons for his release and identifies no new law as the basis for his Reconsideration Motion, the government provides only a brief overview of the procedural history in this case and incorporates by reference its prior, lengthier, recitation of the facts. See ECF No. 1238 at 2-9.

On June 9, 2023, Amuso filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"), arguing that, among other things, his "advanced age and failing health, along with his long imprisonment and exceptional institutional record," constituted "extraordinary and compelling" circumstances that warranted compassionate

release. See ECF No. 1223 (the "Initial Motion") at 6-9. The government opposed, ECF No. 1225, and Amuso filed a reply brief, ECF No. 1227.

On August 10, 2023, this Court denied the Initial Motion, holding that the Section 3553(a) factors did not warrant early release. See ECF No. 1232 (the "2023 Opinion"). The Court found that Amuso's various age-related ailments were being treated and managed by the Bureau of Prisons and "are a product of his life sentence, rather than extraordinary and compelling circumstances." Id. at 8-9. The Court further held that, even if it had found that extraordinary and compelling reasons existed to reduce Amuso's sentence, "it could not find that a reduced sentence is justified by the § 3553(a) factors" and that Amuso's offense conduct "gives rise to a scenario in which a reduced sentence would not be appropriate." 2023 Opinion at 10 (quoting United States v. Victor J. Orena, 92-CR-351 (EK), at *5 (E.D.N.Y. Oct. 27, 2021)). The Court recognized Amuso's leadership role in the Luchese Crime Family, emphasizing that his reign was "replete with bloodshed," given that Amuso had ordered numerous murders in furtherance of the Family "while amassing illicit wealth at the expense of New York City and its surrounding areas, including its legitimate business owners, taxpayers, and members of industries and unions corrupted by its influence." 2023 Opinion at 10-11. In denying the Initial Motion, the Court concluded:

> Given the depth and breadth of Amuso's role in the Luchese Family, and the harm exacted on both individuals and the community, the Court cannot in good conscience reduce his sentence. His conduct was simply too serious, too disrespectful of the law, and too destructive to the fabric of society to warrant anything other than a life sentence.

Id. at 11.

On April 14, 2025, less than two years after the Court's determination, Amuso filed a second request for compassionate release with Warden David Leu at FCI Butner Medium II, where Amuso is an inmate. See ECF No. 1236, Exhibit A at 13-18. Amuso argued that he qualified for compassionate release under Section 3582(c)(1)(A) and Bureau of Prisons ("BOP") Policy Statement 5050.50 ("BOP 5050.50") Section 4(a) because of, among other things, his advanced age and deteriorating health. Id.

On September 24, 2025, a BOP representative informed Amuso's counsel that the application was approved at the institution by the Warden. Id. at 22. On December 18, 2025, however, the BOP Office of the General Counsel ("OGC") denied Amuso's application for reduction in sentence pursuant to Section 4(a) of BOP 5050.50 ("New Law Elderly Inmates"). Id. at 23. In denying Amuso's application, the OGC memorandum noted that while Amuso was eligible for consideration for a sentence reduction under Section 4(a) because he was more than 65 years old and he had served more than 30 years' imprisonment—the requirements of that section—nonetheless, "due to the serious nature and circumstances of the Mr. Amuso's offenses, his release would minimize the severity of his offense and could pose a danger to the community." Id.

On April 24, 2026, Amuso filed his second motion for compassionate release with the Court. See ECF No. 1236 (the "Second Motion"). In his Second Motion, Amuso argued that, among other things, his age-related medical circumstances had "materially worsened" since the time of his Initial Motion and that his "advanced age, serious medical condition, and more than 34 years of consecutive imprisonment without incident" weighed in favor of compassionate release. Id. at 5-14. The government opposed, ECF No. 1238, and Amuso filed a reply brief, ECF No. 1240. On September 18, 2026, the Court heard oral argument from the parties and reserved ruling. See Dkt. Entry dated September 18, 2026.

On October 2, 2026, the Court denied Amuso's Second Motion, holding that "such relief would, in light of Amuso's personal characteristics and criminal conduct, disserve the purposes of sentencing laid out in §3553(a)—especially the goal of punishment." ECF No. 1241 (the "2026 Opinion") at 8. Highlighting its 2023 Opinion, the Court emphasized that Amuso's mandatory life sentence was (i) "well-deserved" based on his offense conduct, and (ii) fell "squarely" within a "strain of cases … in which the offenders' criminal history is so long, and their victims so numerous, that even serious health conditions do not suffice to merit relief," and (iii) that Amuso's relief could not be justified in light of the Court's prior denial of compassionate release for Amuso's Underboss, Anthony Casso. Id. at 8-9. The Court further noted that, while Amuso's family would not be able to be with Amuso at the end of his life, the families of Amuso's victims suffered the same tragedy because of Amuso's criminal conduct. Id. at 10.

On October 15, 2026, Amuso filed the instant Reconsideration Motion. ECF No. 1242.

## II. Amuso's Motion Should be Denied

As described below, and notwithstanding Amuso's assertions to the contrary, Amuso fails to identify clear error in the Court's 2026 Opinion denying his Second Motion for compassionate release. Amuso's Reconsideration Motion should be denied.

### A. Legal Standard

"'Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that counsel should set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" United States v. Full Play Grp., S.A., No. 15-CR-252 (S3), 2022 WL 523459, at *1 (E.D.N.Y. Feb. 22, 2022) (quoting United States v. Parrilla, No. 13-CR-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014)) (internal quotation marks and brackets omitted).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Bishop, No. 16-CR-494, 2025 WL 2576503, at *2 (E.D.N.Y. Sept. 5, 2025) (quoting Butto v. Collecto Inc., 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (internal quotation marks omitted)). "The decision whether to grant a motion for reconsideration lies within the sound discretion of the district court." Full Play Grp., S.A., 2022 WL 523459, at *2 (citing Gupta v. Attorney General of U.S., 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014)). "There are three recognized grounds justifying

reconsideration: (1) an intervening change of controlling law, (2) the availability of new evidence, and (3) the need to correct a clear error or prevent manifest injustice." Id. (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotations omitted). Thus, "the moving party [has to] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also United States v. Basciano, 03-CR-929 (NGG), 2008 WL 905867, at *1 (E.D.N.Y. Mar. 31, 2008) (adopting Shrader standard in criminal cases). "A motion for reconsideration 'is not a vehicle for relitigating old issues ... or otherwise taking a second bite at the apple.'" Full Play Grp., S.A., 2022 WL 523459, at *2 (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).

B. Amuso's Reconsideration Motion Fails to Articulate Clear Error in the Court's 2026 Order Denying His Compassionate Release

In his Reconsideration Motion, Amuso argues that reconsideration is "necessary to correct clear errors of law and to prevent manifest injustice." Reconsideration Motion at 1. Amuso, however, fails to articulate any clear error in the Court's analysis and ignores its well-reasoned basis for denying the requested relief under the Section 3553(a) factors, as required by Section 3582(c)(1)(A). Instead, in a naked attempt to elicit sympathy from the Court, Amuso misconstrues the Court's well-reasoned holding to manufacture legal error that does not exist and regurgitates arguments already made in his Initial and Second Motions and rejected by the Court. See generally Reconsideration Motion. The Reconsideration Motion should be denied.

Amuso first argues that the Court erred by "effectively treating the seriousness of Mr. Amuso's historical offenses as a categorical impediment to compassionate release." Reconsideration Motion at 3. Seizing on the Court's finding that, as it held in its 2023 Opinion, Amuso's case still "falls squarely" in a "strain of cases … in which the offenders' criminal history is so long, and their victims so numerous, that even serious health conditions do not suffice to merit relief," id. (quoting Orena, 92-CR-351 (EK), at *5), Amuso asserts that the Court effectively found that a categorical bar to compassionate existed, contrary to Section 3582(c)(1)(A). Id. However, Amuso's strained reading of the Court's decision overlooks the Court's clear analysis under Section 3553(a), in which it concluded that compassionate release "would, in light of Amuso's personal characteristics and criminal conduct, disserve the purposes of sentencing laid out in §3553(a)—especially the goal of punishment." 2026 Opinion at 8-9 (emphasis added). Far from misconstruing Section 3582(c)(1)(A), the Court's analysis is in fact consistent with that statute, which requires the Court to balance the Section 3553(a) factors, including the "nature and circumstances of the offense," "history and characteristics of the defendant" and the need to "reflect the seriousness of the offense." See 18 U.S.C. § 3553(a)(1)-(2). The Court's analysis was proper and Amuso fails to identify any error, much less clear error.

Amuso next argues that the Court erred in holding that "it would be hard to justify granting Amuso compassionate relief after denying it to [Anthony] Casso." Reconsideration Motion at 5 (quoting 2026 Opinion at 9). Specifically, Amuso argues that the Court inappropriately "joined the defendants and their respective applications, as though the denial of one necessarily weighed against granting relief to the other," while seeking to distinguish

Casso's conduct from his own. Reconsideration Motion at 5-6. This is baseless. The Court's analysis was proper under Section 3553(a) which requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). As the Court reasoned:

> at least six of the murders Casso admitted to were ordered or approved by Amuso. Although he also pleaded to crimes that did not implicate Amuso, there comes a point when each additional crime adds little to the equation. Six murders go well past that point …"

2026 Opinion at 9. The Court's analysis was proper under Section 3553(a)(6) and Amuso fails to identify any clear error.

Ironically, and notwithstanding his argument that the Court erred in its analysis of its prior denial of Casso's application for compassionate relief, Amuso contends in his final argument that the Court erred in not crediting other "favorable jurisprudence" that he alleges should compel his release. Reconsideration Motion at 7-10. Much of Amuso's final argument re-treads arguments made in his Initial and Second Motions regarding non-binding jurisprudence that he believes the Court should have followed. Reconsideration Motion at 8-9. However, as noted in the government's opposition to Amuso's Second Motion, ECF No. 1238 at 23, n. 5, the jurisprudence on which Amuso relies is distinguishable in that the defendants in those cases, unlike Amuso, each expressed remorse and acceptance of responsibility for their offense conduct, among other differences. See United States v. Tellier, No. 92-CR-869 (LGS), 2023 U.S. Dist. LEXIS 149994, at *15 (S.D.N.Y. Aug. 25, 2023) (expressing remorse for offense conduct); United States v. Underwood, No. 88-CR-822 (SHS), Dkt. No 186, Ex. I (same).

Similarly, in United States v. Fisher, 493 F. Supp. 3d 231 (S.D.N.Y. 2020), which Amuso relies on in his Reconsideration Motion, the defendant expressed significant remorse for his crimes and, among other things, committed himself to counseling young people to avoid engaging in criminal conduct like the defendant had. Fisher, 493 F. Supp. 3d at 238. Such is not the case for Amuso, who, as the Court noted in rejecting Amuso's argument, "has continued to be non-committal about his views on organized crime and his responsibility for role he played in it." 2026 Opinion at 9. And, of course, as the government has previously argued, many cases—which are more comparable to the fact here—support the Court's decision to deny compassionate release. ECF No. 1238 at 19-23; see, e.g., United States v. Sessa, No. 92-CR-351 (ARR) (E.D.N.Y. Jan. 2, 2026); Orena, 92-CR-351 (EK) (E.D.N.Y. Oct. 27, 2021); United States v. Anthony Casso, 90-CR-446 (FB) (E.D.N.Y. Nov. 28, 2020).

Amuso fails to articulate any error in the Court's analysis under Section 3553(a)(6).

III. Conclusion

For these reasons, the government respectfully submits that there is no ground for the Court to reconsider its ruling denying the defendant's Second Motion for compassionate release—the defendant has articulated no clear error, or any error, in the Court's 2026 Opinion that warrants reconsideration or that would reasonably be expected to alter the Court's conclusion. See Shrader, 70 F.3d at 257. The defendant's motion should be denied.

Respectfully submitted,

JOSEPH NOCELLA JR.
United States Attorney

By: /s/ Elias Laris
Elias Laris
Assistant U.S. Attorney
(718) 254-6599

cc: Clerk of the Court (FB) (by ECF)
Anthony DiPietro, James R. Frocarro, Mathew J. Mari (Counsel for Defendant) (by ECF)